UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HOLLY J. WILSON,

        Plaintiff,

  v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

        Defendant.

Case No. 09-5411RJB-KLS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation by Magistrate Judge Karen L. Strombom (Dkt. 17). The Court has considered the Report and Recommendation, the Plaintiff's Objections to Report and Recommendation, Defendant's Response to Plaintiff's Objections, and the remainder of the file herein.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The underlying facts of this case are known by the parties and the Court, and will not be repeated herein. On July 8, 2009, Plaintiff filed a complaint in this Court seeking review of the ALJ's second decision regarding disability benefits. Dkt. 17, p. 3. Plaintiff argued that the ALJ's decision should be reversed and remanded to the Commissioner for an award of benefits or, in the alternative, for further administrative proceedings, for the following reasons:

    (1)  the ALJ erred in finding Plaintiff's substance abuse to be a factor material to the determination of disability;
    (2)  the ALJ erred in evaluating the medical evidence in the record;

ORDER - 1

    (3)  the ALJ erred in finding Plaintiff's impairments did not meet or medically equal Listing 12.04C;
    (4)  the ALJ erred in assessing Plaintiff's credibility;
    (5)  the ALJ erred in assessing Plaintiff's residual functional capacity ("RFC");
    (6)  the ALJ erred in finding Plaintiff capable of returning to her past relevant work; and
    (7)  the ALJ erred in finding Plaintiff capable of performing other work existing in significant numbers in the national economy.

*Id*.  On May 17, 2010, Magistrate Judge Strombom issued a Report and Recommendation which states that the Magistrate Judge disagrees that the ALJ erred in determining the Plaintiff to be not disabled, and recommended that the ALJ's decision be affirmed.  Dkt. 17, p. 4.  On June 1, 2010, the Plaintiff filed an objection to the Magistrate Judge's Report and Recommendation.  Dkt. 18.  Plaintiff maintains that the ALJ did commit error in his decision and that the decision should be reversed and remanded for further proceedings or award of benefits.  *Id*.

## II. DISCUSSION

The Commissioner's determination will not be set aside unless the decision was based upon legal error or is not supported by substantial evidence in the record as a whole.  *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Fife v. Heckler*, 767 F.2d 1427, 1429 (9th Cir. 1985).  It is more than a scintilla but less than a preponderance.  *McAllister v. Sullivan*, 888 F.2d 559, 601-02 (9th Cir. 1989); *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975).  If the evidence admits of more than one rational interpretation, the Court must uphold the Commissioner's decision.  *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence.  *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).  Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ.  *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).  In such cases, "the ALJ's conclusion must be upheld."  *Morgan v. Commissioner of the Social Security Administration*, 169 F.3d 595, 601 (9th Cir. 1999).  Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and

ORDER - 2

1  whether certain factors are relevant to discount" the opinions of medical experts "falls within this
2  responsibility." *Id*. at 603.

3  In resolving questions of credibility and conflicts in the evidence, an ALJ's findings
4  "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725.  The ALJ can do this
5  "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence,
6  stating his interpretation thereof, and making findings." *Id*. The ALJ also may draw inferences
7  "logically flowing from the evidence." *Sample*, 694 F.2d at 642.  Further, the Court itself may
8  draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881
9  F.2d 747, 755, (9th Cir. 1989).

10  The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted
11  opinion of either a treating or examining physician.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.
12  1996).  Even when a treating or examining physician's opinion is contradicted, that opinion "can
13  only be rejected for specific and legitimate reasons that are supported by substantial evidence in
14  the record." *Id*. at 830-31.  However, the ALJ "need not discuss all evidence presented" to him
15  or her.  *Vincent on Behalf of Vincent v. Heckler*, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation
16  omitted) (emphasis in original).  The ALJ must only explain why "significant probative evidence
17  has been rejected."  *Id*.; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield
18  v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

19  In general, more weight is given to a treating physician's opinion than to the opinions of
20  those who do not treat the claimant. *Lester*, 81 F.3d at 830.  On the other hand, an ALJ need not
21  accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately
22  supported by clinical findings" or "by the record as a whole."  *Batson v. Commissioner of Social
23  Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004); *Thomas v. Barnhart*, 278 F.3d
24  947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).  An
25  examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining
26  physician." *Lester*, 81 F.3d at 830-31.  A non-examining physician's opinion may constitute
27  substantial evidence if "it is consistent with other independent evidence in the record." *Id*. at
28  830-31; *Tonapetyan*, 242 F.3d at 1149.

ORDER - 3

Plaintiff challenges the Report and Recommendation by arguing that the ALJ failed to properly evaluate the medical evidence, that the ALJ failed to properly evaluate the claimant's testimony, and that due to the ALJ's error in evaluating the medical evidence the ALJ also erred in finding that the claimant's substance abuse was a material factor, that she can perform past relevant work, that she can work a job in the national economy, and erred in determining the claimant's residual functional capacity.  Dkt. 18.

**A. Evaluation of Medical Evidence**

**1. Ms. Weston**

Carla Weston, ARNP, is a treating nurse practitioner.  Dkt. 17, p. 7.  She opined that the claimant is disabled and unable to work.  *Id*.  The ALJ stated that Ms. Weston is not an acceptable medical source and she has not conducted any cognitive testing.  *Id*.  The ALJ gave her opinion "little weight."  *Id*.  The Report and Recommendation states that the Plaintiff argues that the "mere fact that Ms. Weston is not an 'acceptable medical source' is not a legitimate reason to reject her opinion."  Dkt. 17, p. 8.  The Magistrate Judge stated that while this alone is not a valid reasons for rejection Ms. Weston's opinion, her opinion may be afforded less weight than those of acceptable medical sources since she is not an "acceptable medical source" under the regulations.  *Id*.  Plaintiff, in her objections to the Report and Recommendation, states that Ms. Weston's opinion could have merited more weight than the opinions of acceptable medical sources under Social Security Ruling ("SSR") 06-03p.  Dkt. 18, p. 3.  Plaintiff states that the ALJ was required to consider the factors in SSR 06-03p.  *Id*.  Moreover, Plaintiff argues, that it was legal error for an ALJ to reject without explanation "significant probative evidence" such as Ms. Weston's findings.  Dkt. 18, p. 4.

The Court believes that the Report and Recommendation is well reasoned and fully discusses the issue regarding Ms. Weston's opinion.  Additionally, the ALJ's decision is substantially supported by the record and is not in legal error.  SSR 06-03p states that:

> Not every factor for weighing opinion evidence will apply in every case. The evaluation of an opinion from a medical source who is not an 'acceptable medical source' depends on the particular facts in each case. Each case must be adjudicated on its own merits based on consideration of the probative value of the opinions and weighing of all the evidence in that particular case.

ORDER - 4

It is not required, as Plaintiff asserts, that under SSR 06-03p the ALJ consider all the factors or specifically address each factor. Moreover, the ALJ considered the probative value of the opinions and weighed all of the evidence, which is the ALJ's responsibility. *See* Tr. 24-29; *Morgan*, 169 F.3d at 601. The ALJ and the Report and Recommendation notes that Ms. Weston did not conduct any cognitive testing and that the Plaintiff was able to perform work in the past, despite the residuals from her traumatic head injury. Dkt. 17, p. 8., Tr. 27-29. Finally, the ALJ "need not discuss all evidence presented" to him or her. *Vincent on Behalf of Vincent*, 739 F.3d at 1394-95. The ALJ must only explain why "significant probative evidence has been rejected." *Id*. Based upon the Court's review of the record, there is no significant probative evidence that support's Ms. Weston's opinions. Therefore, the ALJ was not required to explain the weight he gave Ms. Weston's opinions. The Court agrees with the Report and Recommendation that the ALJ properly evaluated Ms. Weston's opinions.

**2. Ms. Young**

Jennifer Young, M.A. is one of Plaintiff's mental health counselors. Dkt. 17, p. 9. Ms. Young diagnosed Plaintiff with a mood disorder due to head trauma. *Id*. Ms. Young opined that this condition prevented Plaintiff from participating in employment-related or job search activities, but only for a six month period. *Id*. The ALJ noted that while Ms. Young's opinion states that the Plaintiff's mood impairment prevented her from seeking work, other information suggested that the impairment was not of the severity that would preclude the Plaintiff from all work activity for a period of at least 12 consecutive months. *Id*.

The Report and Recommendation states that the Plaintiff failed to point out anything in Ms. Young's opinions that indicated that she believed Plaintiff would be so incapacitated beyond six months. *Id*. The Plaintiff objected to the Report and Recommendation by arguing that the ALJ failed to show that Ms. Young's evaluation indicated that the Plaintiff could return to work in less than 12 months, and that the ALJ's findings regarding Ms. Young's opinion is not supported by substantial evidence. Dkt. 18, p. 5. Plaintiff also argues that the ALJ failed to evaluate Ms. Young's opinion under SSR 06-03p.

The Court agrees with the Report and Recommendation in regards to Ms. Young's

ORDER - 5

opinions. As mentioned above, the ALJ is not required to consider every factor in SSR 06-03p and he is not required to explain the rejection of an opinion unless there is significant probative evidence supporting that opinion. Base upon the review of the record, there is no significant probative evidence to support the interpretation that Ms. Young's opinion indicates that the Plaintiff is unable to work for 12 consecutive months. Therefore, the ALJ need not explain his rejection of Ms. Young's opinion in this light. Regardless of the requirements, the ALJ did provide a reasoned explanation of the discounting of Ms. Young's opinion. *See* Dkt. 17, p. 9, Tr. 29. Moreover, it is the Plaintiff's burden to show that the interpretation of the ALJ is in error. *Allen*, 749 F.2d at 579 (If the evidence admits of more than one rational interpretation, the Court must uphold the Commissioner's decision). The Plaintiff has not pointed to a specific place in the record that would indicate that Ms. Young's intended to find that the Plaintiff was unable to work for 12 consecutive months. For the foregoing reasons, the Court agrees with the Report and Recommendation regarding Ms. Young's opinion.

**3. Dr. Johnson**

Paul Johnson, D.O. is a treating physician. Dkt. 17, p. 10. Dr. Johnson opined that the claimant was unable to work due to her medical condition. *Id*. The ALJ gave Dr. Johnson's opinion "little weight" because his opinion involves vocational issues of which he has no expertise. *Id*. The Report and Recommendation states that the ALJ did not err in discounting Dr. Johnson's opinions and evaluating the evidence. Dkt. 17, p. 11-12. Plaintiff argues that Dr. Johnson's opinions were uncontradicted and the ALJ could only reject his opinions if the ALJ stated convincing reasons. Dkt. 18, p. 6. Plaintiff also argues that the Magistrate Judge engaged in "improper *post hoc*" rationalization. *Id*.

The Court agrees with the Report and Recommendation. The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester*, 81 F.3d at 830. An ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson*, 359 F.3d at 1195. The ALJ may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. The Court itself may draw

ORDER - 6

"specific and legitimate inferences from the ALJ's opinion." *Magallanes*, 881 F.2d at 755.

The ALJ has provided clear and convincing reasons for rejecting Dr. Johnson's opinion. The ALJ gave Dr. Johnson's opinion little weight because he did not provided "specific limitations," that the impairments were longstanding, that the claimant was able to work, that no etiology had been established for the claimant's pain, that the claimant required no medications other than Ibuprofen, and that Dr. Johnson has no expertise in vocational issues. Dkt. 17, p. 10. Based on the sum of the reasons presented by the ALJ, the ALJ's finding is convincing. Moreover, based upon the record as a whole, it appears that the ALJ's findings are supported. *See Batson*, 359 F.3d at 1195 (The ALJ need not accept the opinion of a treating physician if it is inadequately supported by clinical findings or by the record as a whole.).

Next, the Court is not convinced by the Plaintiff's argument that the Magistrate Judge engaged in "improper *post hoc*" rationalization. First, the Court may draw specific and legitimate inferences from the ALJ's opinion. *See Magallanes*, 881 F.2d at 755. The Magistrate Judge made specific and legitimate inferences from the ALJ's opinion which are a fully supported by the record. The Magistrate Judge properly examined the ALJ's findings and supported her examination with the relevant law.

Finally, there is substantial evidence to the support the ALJ's findings. Upon review of the record, Dr. Johnson did not provide specific functional limitations or an etiology for Plaintiff's pain, and the Plaintiff has not pointed to where Dr. Johnson did provide that information. Additionally, the ALJ's statement at the Plaintiff's impairments are longstanding and that the Plaintiff has been able to work in the past is supported by the record. There has been no legal error by the ALJ and his findings are substantially supported by the record.

**4. Global Assessment of Functioning - GAF**

The global assessment of functioning ("GAF") score is a "subjective determination based on a scale of 100 to 1 of 'the [mental health] clinician's judgment of [a claimant's] overall level of functioning.'" *Piscotta v. Astrue*, 500 F.3d 1074, 1076 n.1 (10th Cir. 2007). A GAF score is "relevant evidence" of the claimant's ability to function mentally. *England v. Astrue*, 490 F.3d 1017, 1023, n. 8 (8th Cir. 2007). However, "[w]hile a GAF score may be of

ORDER - 7

considerable help to the ALJ in formulating the RFC, it is not essential to the RFC's accuracy." *Howard v. Commissioner of Social Security*, 276 F.3d 235, 241 (6th Cir. 2002).

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick*, 157 F.3d at 722. Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample*, 694 F.2d at 642. In such cases, "the ALJ's conclusion must be upheld." *Morgan*, 169 F.3d at 601. Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id*. at 603.

The Report and Recommendation states that the ALJ did not commit error in failing to state any reasons for rejecting Dr. Brown's GAF score. Dkt. 17, p. 14. The Plaintiff objects to the Report and Recommendation, arguing that the ALJ failed to examine other low GAF scores. Dkt. 18, p. 8.

The Court agrees with the Report and Recommendation that the ALJ properly assessed the Plaintiff's GAF scores. The ALJ decision will stand as long as there is no legal error and it is supported by substantial evidence. The ALJ is responsible for examining inconsistencies in the medical evidence and is allowed to discount certain factors. Therefore, it appears that there is no legal error. Upon the Court's review of the record and the Report and Recommendation, there is substantial evidence to support the ALJ's decision. The Court agrees with the Report and Recommendation as to this issue and should adopt its findings.

**B. Claimant's Testimony**

Questions of credibility are solely within the control of the ALJ. *Sample*, 694 F.2d at 642. The Court should not "second-guess" this credibility determination. *Allen*, 749 F.2d at 580. In addition, the Court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence. *Id*. at 579. That some of the reasons for discrediting a claimant's testimony should properly be discounted does not render the ALJ's determination invalid, as long as that determination is supported by substantial evidence.

ORDER - 8

*Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996) (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834. The evidence as a whole must support a finding of malingering. *O'Donnell v. Barnhart*, 318 F.3d 811, 818 (8th Cir. 2003).

In determining a claimant's credibility, the ALJ may consider "ordinary techniques of credibility evaluation," such as reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ also may consider a claimant's work record and observations of physicians and other third parties regarding the nature, onset, duration, and frequency of symptoms. *Id.*

The ALJ discounted Plaintiff's credibility in part due to the inconsistencies between the objective medical evidence in the record and the severity of the Plaintiff's subjective complaints concerning her mental and physical limitations. Dkt. 17, p. 23. The Report and Recommendation states that the ALJ did not commit error in discounting the Plaintiff's credibility. Dkt. 17, p. 27. Plaintiff objects to the Report and Recommendation, arguing that the ALJ's failure to properly evaluate the medical evidence from Dr. Brown, Dr. Johnson, Ms. Weston, and Ms. Young tainted his entire decision, including his credibility analysis. Dkt. 18, p. 10.

The Court agrees with the Report and Recommendation that the ALJ did not commit error in evaluating the Plaintiff's credibility. Upon review of the record and the Report and Recommendation, there is substantial evidence to support the ALJ's findings regarding the credibility of the Plaintiff. The ALJ's report is detailed and gives specific, cogent reasons for the discounting the Plaintiff's testimony. The Report and Recommendation should be adopted as to

ORDER - 9

the credibility findings.

**C. Remaining Objections**

The Plaintiff argues that due to the ALJ's rejection and improper evaluation of the above mentioned evidence, the ALJ committed error in regards to the finding that the Plaintiff's substance abuse was a material factor, to the determination of the Plaintiff's RFC, and to the finding that the Plaintiff can perform her past relevant work. Dkt. 18, p. 11-12. Since the Court agrees with the Report and Recommendation that there has been no error by the ALJ regarding the evidence, the Plaintiff's arguments fail.

Finally, the Plaintiff objects to the ALJ's step five findings. Dkt. 18, p. 12. The Plaintiff argues that the ALJ improperly relied upon the vocational experts testimony which deviated from the dictionary of occupational titles ("DOT"). *Id*. The Plaintiff states that there is "no persuasive evidence in the record to support the ALJ's finding that Wilson could successfully perform the jobs of fishing reel assembler and cashier using only one arm." *Id*. Upon the Court's review of the record, the vocational expert only deviated from the DOT in one segment of his testimony. Tr. 714-20. The vocational expert did discuss two jobs that did not deviate from the DOT. Tr. 714-20. Therefore, the ALJ was not required to discuss his findings in accordance with *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007) (the ALJ must determine whether there is a reasonable explanation for deviating from the DOT.) Additionally, the ALJ's findings as to step five is supported by substantial evidence in the record.

For the foregoing reasons, the Court should adopt the Report and Recommendation. The ALJ properly concluded that the Plaintiff was not disabled, and the ALJ's decision should be affirmed.

### III. ORDER

The Court does hereby find and ORDER:

(1) the Report and Recommendation (Dkt. 17) is **ADOPTED**;

(2) the administrative decision is **AFFIRMED**; and

///

///

ORDER - 10

1  ///

2  (3)  The Clerk is directed to send copies of this Order to all counsel of record, any party

3  appearing *pro se* at said party's last known address and the Hon. Karen L. Strombom.

4  DATED this 28th day of July, 2010.

```
                    ROBERT J. BRYAN
                    United States District Judge
```

ORDER - 11